Arthur D. Brennan, J.
At the trial of this action for a separation, the plaintiff moved to amend her complaint so as to plead abandonment on the part of the defendant and his failure to support the plaintiff. There being no opposition, the motion was granted. This court finds that without justification or provocation the defendant left the marital abode (which the parties owned as tenants by the entirety) on March 27, 1957 with no intention of returning thereto and that since that date and until the award of temporary alimony, he failed to adequately support and maintain the plaintiff and their two children (a son born Oct. 16, 1941 and a daughter born July 16, 1946). The parties were married on May 14, 1941. The defendant did not deny the allegations of the complaint, as amended, and did not dispute the plaintiff’s evidence with respect thereto. Accordingly, the plaintiff is entitled to and is hereby awarded a judgment of separation.
The only remaining issue to be determined is the amount of permanent alimony to be awarded for the support and maintenance of the plaintiff and the two children of the parties. The defendant concedes that the plaintiff should have custody of said children and their custody is awarded to the plaintiff, subject to reasonable rights of visitation by the defendant. It is suggested that the parties agree upon such visitation rights but if they should be unable to do so, then upon application therefor made by either of the parties hereto, on notice to the other, this court will fix the same.
Within a short time subsequent to the trial of this action the parties stipulated that the above-mentioned marital abode be sold and the proceeds (less certain adjustments) be divided equally between them. The attorneys for the respective parties thereafter requested that the decision of this court be held in abeyance. On July 15, 1958, this court held a conference with said attorneys and was informed that the afore-mentioned premises had been sold; that as the result of an equal division of the proceeds of sale, each party had received the net sum of $13,000 in cash; that the plaintiff had removed from the premises to an apartment; that the son of the parties is living with a family in Vermont where the cost of his board and lodging is the sum of $40 per month; that he is attending a public school in Vermont and that it is necessary for him to have periodic psychiatric examinations, the cost of which is $50 per month. At this conference, this court again suggested that the attorneys attempt to prevail upon the parties to amicably settle their differences. Subsequently this court held two additional conferences with the attorneys for the respective *581 parties and ascertained that they had assiduously, as well as diligently, attempted an amicable settlement but that such efforts were without success. A determination as to the amount of permanent alimony must now be made.
For some time prior to 1957 the parties resided at this marital abode which consisted of a 14-room dwelling and grounds; the defendant paid all carrying charges thereon including the services of a gardener; each party owned an automobile ; the defendant gave the plaintiff an allowance of $150 per week; the parties were members of a bath and tennis club; the defendant gave the plaintiff anniversary and birthday gifts in cash; he gave the plaintiff a diamond ring, a diamond wedding band and a mink stole. The plaintiff is 50 years of age; the defendant is approximately 54 years of age. The plaintiff underwent a recent operation for a lung condition; she suffers from high blood pressure as well as arthritis and is under the care of a doctor. Since 1951 and until a short time after the trial of this case, the son of the parties attended a private school for disturbed children for which the defendant paid a yearly tuition of approximately $2,700. In the summer this boy attended a camp, the expenses of which were paid by the defendant. The daughter of the parties attends a public school. In the summer, she, too, attended a camp, the expenses thereof being paid by the defendant. Thus there has been presented evidence as to the mode of living of the parties for the years from 1951 on.
The defendant contends that from 1951 he, the plaintiff and their children have lived far beyond their means. In view of the fact that the defendant derives his income from various corporations in which he is the majority stockholder, and which he runs and controls, it was necessary for the plaintiff’s attorneys to retain a firm of certified public accountants to examine the books of account of these various corporations in order to not only determine his potential income but his net worth. It may be noted that there is another woman in this picture and certain of her expenses and alleged compensation constitute part of the alleged expense charged off in the accounts of these corporations.
After a consideration of all of the evidence adduced by the plaintiff with respect to the defendant’s financial status, this court finds that his available income from his various corporate entities for the years 1955 and 1956 averaged approximately $25,000 per year. No satisfactory evidence was submitted as to the defendant’s available earnings for the year 1957.
*582 Taking into consideration the defendant’s average income aforesaid; the standard of living of the parties; the health of the plaintiff; the respective ages of the parties; the respective ages of the children; the fact that the plaintiff will be obligated to pay at least $90 a month (other than for clothing and incidental expenses) for the afore-mentioned board, lodging and care of the son of the parties and all of the other circumstances present in the record, this court awards the plaintiff permanent alimony for the support and maintenance of herself and the two aforesaid children, the sum of $210 per week. This court also awards the plaintiff an additional allowance of $1,000 for her counsel fees and expenses, which allowance includes the expenses of the certified public accountants retained by the plaintiff’s attorneys to examine the books of account of the various corporations controlled by the defendant as well as his personal income tax reports.
The foregoing constitutes the decision of this court pursuant to section 440 of the Civil Practice Act.
The exhibits have been delivered to and may be obtained from the Clerk of Special Term, Part II.
Settle judgment on notice.